

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHONDA LEDFORD; RAYMOND GREGSTON; JO McKINNEY; SHANE PENROD; KIM McCORMICK; BOB ROBINSON; GRACIE REYNA; TOM DE KNIJF; FRANK FARNWORTH; DIANA CARNELL; PHILIP GREGSTON; LISA LITTLEFIELD; ADDISON FORDHAM, | No.   14-35185<br><br>D.C. No. 1:12 cv-0326 BLW |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, an executive department of the State of Idaho, | |
| Defendant, | |
| and | |
| SHARON HARRIGFELD, IDJC Director; BETTY GRIMM, IDJC Juvenile Corrections Center - Nampa Superintendent, | |
| Defendants-Appellants. | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 5, 2016
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

Sharon Harrigfeld, Director of the Idaho Department of Juvenile Corrections ("IDJC"), and former IDJC Superintendent Betty Grimm (together, "Defendants") appeal the district court's denial of summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. An official is entitled to qualified immunity if her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). We review a denial of qualified immunity de novo, *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010), and we reverse.

The ten plaintiffs, current and former IDJC employees, allege that Defendants retaliated against them for reporting corrupt practices at the IDJC, in violation of the First Amendment. In determining whether a public employer violated the First Amendment rights of an employee, courts must "seek 'a balance between the interests of the [employee], as a citizen, in commenting upon matters

2

of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (en banc) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). In applying this balancing test, we make a five-step inquiry:

> (1) whether the plaintiff spoke on a matter of public concern;
> (2) whether the plaintiff spoke as a private citizen or public employee;
> (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action;
> (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and
> (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Id.* (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)). The public-employee-plaintiff must satisfy all five factors in order to state a valid First Amendment claim. *Id.* at 1067 n.4.

1.      Defendants are entitled to qualified immunity on Plaintiffs Shane Penrod, Gracie Reyna, Addison Fordham, Lisa Littlefield, and Kim McCormick's First Amendment retaliation claims because none of these five Plaintiffs spoke on a matter of public concern as a private citizen. Penrod, Reyna, Fordham, and Littlefield are rehabilitation and security officers who work closely with the juvenile detainees at IDJC and are responsible for ensuring the safety and security

3

of both juveniles and fellow staff. Their safety-related speech, raised only internally, fell within the scope of their job duties and is not protected by the First Amendment. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1258-59 (9th Cir. 2013) (holding that police officer who vocalized safety concerns about accidental discharges of firearms spoke pursuant to his job duties as a public employee). Likewise, McCormick's internal speech relating to payroll complaints and IDJC's expenses is "inextricably intertwined" with her duties as a financial technician and cannot form the basis of a First Amendment violation. *Id.* at 1259. Finally, Fordham and Littlefield's complaints about the promotion process of a supervisor flowed from "individual personnel disputes and grievances" and thus did not constitute protected speech on a matter of public concern. *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009) (citations omitted).

2. Defendants are also entitled to qualified immunity on Plaintiffs Rhonda Ledford, Ray Gregston, Tom DeKnijf, Jo McKinney, and Frank Farnworth's First Amendment retaliation claims. None of these Plaintiffs experienced retaliation by Defendants as a result of their speech. To prevail on a First Amendment claim, a plaintiff must establish that the employer took "action designed to retaliate against and chill political expression," *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003) (internal quotation marks omitted),

4

without "adequate justification for treating the employee differently," *Eng*, 552 F.3d at 1070.

None of Defendants' actions against Ledford constitutes an adverse employment action in violation of the First Amendment. The "expectation" that Ledford raise her personnel and work-related concerns with her supervisors, Defendants, or Human Resources cannot reasonably been seen as "chilling" Ledford's protected speech; it merely directed Ledford to voice her concerns to management, instead of to her co-workers. Moreover, given the hierarchical employment setting of a juvenile correctional facility, such instruction was adequately justified. *See Connick v. Myers*, 461 U.S. 138, 151–52 (1983). Likewise, the denial of intermittent leave under the Family Medical Leave Act, which would have permitted Ledford to leave work without notice whenever she experienced anxiety while working with juvenile offenders, was adequately justified. Finally, even taking the evidence in the light most favorable to Ledford, no reasonable jury could find that Defendants "monitored" Ledford or otherwise treated her unfairly because she engaged in protected speech.

Defendants also did not retaliate against any of the other four Plaintiffs. In response to Gregston's circulation of a facility-wide petition questioning IDJC's hiring practices, Defendants merely asked him to use the established grievance

5

process to raise future concerns; this request was not "reasonably likely to deter [Gregston] from engaging in protected activity." *Coszalter*, 320 F.3d at 976 (internal quotation marks omitted). Nor is there is any evidence to substantiate his claim that Defendants "monitored" him.

DeKnijf and Farnworth contend that they were subject to unwarranted discipline, but they provide no evidence that any discipline, imposed by their direct supervisors, was caused by *Defendants*. *See Dahlia*, 735 F.3d at 1078 (explaining that, to be liable, a defendant must have either personally participated in the constitutional deprivation or "set[] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury" (intrnal quotation makrs omitted)). Similarly, McKinney has not shown that Defendants were involved in any way in her removal from the data entry project, or that Grimm was motivated by McKinney's prior speech when she declined to intervene after McKinney complained about her supervisor's lecture.

• ● •

Because there is no showing that Defendants violated the constitutional rights of any of the Plaintiffs, the district court erred in denying Defendants summary judgment based on qualified immunity with respect to the First Amendment retaliation claims of all ten Plaintiffs. On remand, the district court is

directed to enter summary judgment for Defendants Harrigfeld and Grimm on all of Plaintiffs' First Amendment retaliation claims.

**REVERSED and REMANDED.**